# Third District Court of Appeal

## State of Florida

Opinion filed March 25, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1465
Lower Tribunal No. F16-4003
_____

**Lance Deshawn Moore,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ramiro C. Areces, Judge.

Rier Jordan, P.A., and Jonathan E. Jordan, for appellant.

James Uthmeier, Attorney General, and Ryan Schelwat, Assistant Attorney General, for appellee.

Before SCALES, C.J., and LOGUE and GORDO, JJ.

PER CURIAM.

Lance Deshawn Moore appeals the post-conviction court's June 30, 2023 order, entered after an evidentiary hearing, that denied Moore's Florida Rule of Criminal Procedure 3.850 postconviction motion alleging ineffective assistance of trial counsel. Moore challenges only that aspect of the June 30, 2023 order denying relief on Moore's claim that he rejected the State's favorable plea offer based on trial counsel's alleged failure to provide Moore the information necessary to make an informed decision on whether to accept the offer.[1]

We affirm because the trial court's determinations that (i) Moore's counsel's performance was not deficient, and (ii) Moore was not prejudiced by any deficiency, are both amply supported by competent, substantial evidence. Annicchiarico v. State, 300 So. 3d 805, 807 (Fla. 5th DCA 2020) ("The lower court determined that trial counsel was more credible than Annicchiarico and concluded that Annicchiarico was properly advised regarding the multiple plea offers. That determination was supported by competent substantial evidence, as the letters between Annicchiarico and trial counsel, in addition to the testimony, demonstrated that Annicchiarico was well informed of the State's plea offers and the conditions that

---

[1] Moore's other claim alleged that trial counsel was ineffective in advising Moore not to testify at trial.

2

accompanied them."); see also Alcorn v. State, 121 So. 3d 419, 422 (Fla. 2013) ("[T]o show prejudice, the defendant must demonstrate a reasonable probability, defined as a probability sufficient to undermine confidence in the outcome, that (1) he or she would have accepted the offer had counsel advised the defendant correctly, (2) the prosecutor would not have withdrawn the offer, (3) the court would have accepted the offer, and (4) the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.").

Affirmed.